# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                                                        CR. No. 01-1428 JC

JOSHUA BAER,

        Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendant's: (1) Motion to Dismiss as a Sanction for Outrageous Misconduct, filed Feb. 5, 2002 (*Doc. 21*); (2) Motion to Dismiss on the Grounds that the Native American Grave Protection and Repatriation Act is Unconstitutionally Vague, filed Feb. 5, 2002 (*Doc. 23*); (3) Motion to Dismiss for an Unconstitutional Taking, filed Feb. 5, 2002 (*Doc. 27*); (4) Motion to Dismiss Insufficient Indictment or for a Bill of Particulars, filed Feb. 5, 2002 (*Doc. 25*); (5) Motion for Discovery on his Claim of Selective Prosecution, filed Feb. 5, 2002 (*Doc. 19*); (6) Motion for Disclosure of Prior Acts Evidence, filed Feb. 5, 2002 (*Doc. 29*); (7) Motion for Discovery of the Basis for the Government's Expert's Opinion and Supporting Authority, filed Feb. 5, 2002 (*Doc. 31*); (8) Notice of Request for Production of Statements and/or Jencks Act Material, filed Feb. 5, 2002 (*Doc. 32*). Having reviewed the motions, memoranda and relevant legal authority, the Court finds the motions not well taken, and they therefore are denied.

**I.**     **Background**

Defendant Joshua Baer is a collector and art gallery owner who specializes in Native American art and artifacts in Santa Fe, New Mexico. In 1998, the United States Fish and Wildlife ("USFW") Service initiated an undercover investigation of Defendant. In August 1999, USFW obtained the aid of Norwegian law enforcement officer, Ivar Husby, and Robert Wittman of the Federal Bureau of Investigation. After various undercover purchases of items the agents deemed illegally bought, sold or used in contravention of the Migratory Bird Treaty Act, 16 U.S.C. §§ 703 and 707(b)(2); the Bald and Golden Eagle Protection Act, 16 U.S.C. § 668; and the Native American Graves Protection and Repatriation Act, 18 U.S.C. § 1170, 25 U.S.C. §§ 3001(3)(C) and (D), 3002(c), the investigation concluded on January 19, 2000, when agents obtained a search warrant for Defendant's gallery.

The government indicted Defendant on a seventeen count indictment on October 23, 2001. On November 15, 2001, Defendant Baer was arraigned in the United States District Court for the District of New Mexico on charges that he violated the above-referenced acts. Defendant pleaded not guilty.

## II.     Motion to Dismiss as a Sanction for Outrageous Conduct

"Government conduct is outrageous if 'considering the totality of the circumstances in any given case, the government's conduct is so shocking, outrageous, and intolerable that it offends the universal sense of justice.'" *United States v. Gell-Iren*, 146 F.3d 827, 831 (10th Cir. 1998) (citations omitted). As the government asserts, "the government's role in instigating the transaction and acting as a buyer does not amount to creating the crime." *United States v. Harris*, 997 F.2d 812, 816 (10th Cir. 1993). Moreover, the defense of outrageous conduct is reserved for only "the most intolerable government conduct." *United States v. Warren*, 747 F.2d 1339, 1341 (10th Cir. 1984) (citations

omitted). To demonstrate outrageous conduct, defendant must show: (1) excessive government involvement in the creation of the crime, and (2) significant government coercion to induce the crime. *Gell-Iren,* 146 F.3d at 831.

Defendant fails to provide the Court with any evidence that meets either prong of the test, as he only has proffered examples of the agents' excellent acting abilities to deceive. For example, Defendant asserts that the agents unfairly coerced him into allowing them to obtain illegal items. Df's Mem. in Support of Motion to Dismiss as a Sanction for Outrageous Conduct, filed Feb. 5, 2002 at 4 (*Doc. 21*). Defendant further claims that the agents befriended him and developed a "close personal relationship" with him and his family. The friendship included Defendant inviting Agent Wittman to his home and meeting with him at the gallery on multiple occasions. *Id*. The two also often dined together, and Agent Wittman offered to help Defendant's college-age daughter. *Id.* Such conduct, however, does not rise to the level of "outrageous," for the assertion of outrageous conduct is not "to be invoked each time the government acts deceptively or participates in a crime that it is investigating." *United States v. Sneed*, 34 F.3d 1570, 1577 (10th Cir. 1994). The Court thus finds the motion without merit. The Court further finds that an evidentiary hearing on this matter is not necessary.

### III.     Native American Grave Protection Act

Defendant asserts that the Native American Grave Protection and Repatriation Act ("NAGPRA") is unconstitutionally vague not only as applied to him but also in its definition of "cultural patrimony." Yet, he fails to meet his burden of proof for vagueness, as he does not demonstrate that NAGPRA is impermissibly vague in all of its applications. *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 497 (1982) (If a facial challenge does not

reach constitutionally protected conduct, the challenger holds the burden of proving "that the law is vague in all of its applications."). In this case, Defendant's only assertion is that NAGPRA's definition of "cultural patrimony" is unconstitutionally vague "for a person of ordinary intelligence to determine whether...an item is 'inalienable' or whether it has 'ongoing historical, traditional or cultural importance' to a Native American group." Df's Mem. of Points and Authorities in Support of his Motion to Dismiss on the Grounds that the Native American Grave Protection and Repatriation Act is Unconstitutionally Vague, filed Feb. 5, 2002 at 4 (*Doc. 24*). Thus, as Defendant fails to challenge the entire statute for vagueness, he does not meet his burden.

Moreover, Defendant fails to show that NAGPRA is unconstitutionally vague as to him. A statute gives fair notice if it sufficiently alerts "those individuals within its purview what it purports to prohibit and how it will punish an infraction." *United States v. Corrow*, 119 F.3d 796, 802 (10th Cir. 1997). As the government asserts, and Defendant concedes, in two cases circuit courts found that NAGPRA is not vague as applied to persons in similar positions as Defendant. In *Corrow*, the defendant owned a business specializing in Native American art and artifacts and was an afficionado of Navajo culture and religion. *Id*. at 798. He purchased various artifacts from a Navajo medicine man's widow for $10,000.00, and sold them to an undercover agent for $70,000.00. *Id*. A jury convicted the defendant of illegal trafficking in Navajo cultural items. On appeal, the Tenth Circuit held that NAGPRA's definition of "cultural patrimony" was not unconstitutionally vague as applied to the defendant. Similarly, in *United States v. Tidwell*, 191 F.3d 976 (9th Cir. 1999), a jury found the defendant, a Native American art and artifacts dealer, guilty of trafficking in Native American cultural items. On appeal, the Ninth Circuit found that NAGPRA was not unconstitutionally vague as applied to the defendant, as he had sufficient knowledge to put him on notice of his wrongful

conduct. *Id*. at 980. These cases demonstrate that "this is not a case of an unsuspecting tourist happening upon...sacred artifacts," *Corrow*, 119 F.3d at 802, but rather a sophisticated dealer who, as he admits, has background knowledge of the sacredness of Navajo artifacts and had "consistently consulted experts and tribal elders..."[1] regarding the artifacts at issue. Df's Vagueness Mem. at 6.

The Court thus finds Defendant's motion to dismiss without merit.

## IV. Unconstitutional takings

Defendant asserts that the government's confiscation of his art under the MBTA and the NAGPRA is an unconstitutional taking in contravention of the Fifth Amendment's Takings Clause. In light of relevant case law, this assertion is without merit. In *Andrus v. Allard*, 444 U.S. 51, **67** (1979), the Supreme Court upheld the constitutionality of the Bald and Golden Eagle Protection Act ("BGEPA") and the Migratory Bird Treaty Act ("MBTA"). Although Defendant attempts to distinguish himself from this case, his reasoning is flawed, for in *United States v. Kornwolf*, 276 F.3d 1014, 1016 (8th Cir. 2002), involving similar facts, the Eighth Circuit found that the gift of the artifacts, which occurred prior to the enactment of the MBTA, did not remove the case from the rule established by *Andrus*.

Defendant alternately argues that the *Andrus* decision has become "seriously undermined" by later cases. Whether this argument is or is not valid is not a question this Court wishes to undertake, for the Supreme Court has not directly overturned its ruling in *Andrus*. As the Supreme Court stated, "[i]f a precedent of this Court has direct application in a case, yet appears to rest on reasons rejected

---

[1] The government contests this assertion stating that Defendant's "cultural preservationist," Michael Begay, who he allegedly consulted, does not exist. U.S.'s Response to Defendant's Motion to Dismiss Counts IV, VIII and IX of the Indictment on the Grounds that the Native American Grave Protection and Repatriation Act is Unconstitutionally Vague (U.S.'s Response to Vagueness Motion), filed April 15, 2002 at 5 n. 1 (*Doc.45*). According to the government, the Navajo Nation has two cultural preservationists, but neither is named Michael Begay, nor has a Michael Begay ever worked for the Nation as a cultural preservationist.

in some other line of decisions, the Court of Appeals should follow the case which directly controls, leaving to this Court the prerogative of overruling its own decisions. *Kornwolf*, 276 F.3d at 1015 (quoting *Agostini v. Felton*, 521 U.S. 203, 237 (1997)). This Court, therefore, adopts the reasoning in *Kornwolf* and *Andrus* and finds Defendant's motion not well taken.

## V.      **Insufficient Indictment**

Pursuant to the Fifth and Sixth Amendments to the United States Constitution and Rules 7(c) and (f) and 12(b) of the Federal Rules of Criminal Procedure, Defendant asserts that this case should be dismissed, as it fails to properly appraise him of the conduct for which he is being charged. Defendant argues that without a more specific indictment or a bill of particulars, he will be unable to prepare a defense for each of the counts against him. Mem. of Points and Authorities in Support of Motion to Dismiss Insufficient Indictment or for a Bill of Particulars, filed Feb. 5, 2002 at 4 (*Doc. 26*). Defendant further claims that the indictment is insufficient, for it charges him in the disjunctive. *Id.*

When a statute may be violated by a number of means, the government may use the conjunctive to charge defendant for alternative violations. *Turner v. United States*, 396 U.S. 398, 420 (1970). Contrary to Defendant's assertion, the indictment does not charge him in the disjunctive but only in the conjunctive. Furthermore, without going into detail regarding the wording of the relevant statutes, the Court has determined that the indictment properly tracks the wording of the statutes such that Defendant is adequately informed of the charges against him.

Thus upon its clear discretion, *Will v. United States*, 389 U.S. 90, 98-99 (1967), this Court finds Defendant's motion not well taken and specifically finds no justification to order a bill of particulars.

**VI.    Selective prosecution**

Defendant asserts that the government is unfairly and selectively prosecuting him for violations under the NAGPRA and the MBTA due to his outspoken opposition to the Acts. Mem. of Points and Authorities in Support of Df's Motion for Discovery on Selective Prosecution, (Df's Mem. on Selective Prosecution) filed Feb. 5, 2002 at 3 (*Doc. 20*). The standard Defendant must meet to support such charges is "a demanding one...." *United States v. Armstrong*, 517 U.S. 456, 463 (1996). To support this claim, Defendant must provide the Court with a "credible showing" that "similarly situated defendants...could have been prosecuted, but were not...." *Id.* at 469. In this case, Defendant's sole statement of "credible evidence" is that "[t]he readily availability of these items demonstrates that more than three people within the last three years have offered to sell items which presumably violate these laws." Df's Mem. on Selective Prosecution at 6. Yet, Defendant fails to support this bald assertion with any credible evidence and thus does not meet the standard to which he is bound. Moreover, in its response, the government asserts that at the same time as its investigation of Baer, agents approached two other Santa Fe art galleries. The first gallery refused to sell anything of cultural significance while the same question at the second gallery resulted in a warranted search of the dealer's home-gallery. U.S.'s Resp. to Df's Motion for Discovery Based on a Claim of Selective Prosecution, filed April 15, 2002 at 3 (*Doc. 47*).

Defendant's motion therefore is not well taken.

**VII.    Disclosure of Prior Acts**

The government agrees to provide Defendant with any FED R. CIV. P. 404(b) evidence fourteen days prior to trial. Defendant does not provide any evidence demonstrating the necessity of requiring disclosure prior to the government's time frame.

Defendant's motion therefore is not well taken.

**VIII. Discovery of Government's Expert's Opinion/ Jencks Act**

Defendant's Motion for Discovery of the Basis for the Government's Expert's Opinion and Supporting Authority, filed Feb. 5, 2002, (*Doc. 31*) is denied as premature, and the government maintains that it will provide Defendant with the requested information in a timely manner.

Defendant's Notice of Request for Production of Statements and/or Jencks Act Material, filed Feb. 5, 2002 (*Doc. 32*) is not well taken.

Wherefore,

IT IS ORDERED that Defendant's Motion to Dismiss as a Sanction for Outrageous Misconduct, filed Feb. 5, 2002 (*Doc. 21*) is **DENIED**;

IT IS ORDERED that Defendant's Motion to Dismiss on the Grounds that the Native American Grave Protection and Repatriation Act is Unconstitutionally Vague, filed Feb. 5, 2002 (*Doc. 23*) is **DENIED**;

IT IS ORDERED that Defendant's Motion to Dismiss for an Unconstitutional Taking, filed Feb. 5, 2002 (*Doc. 27*) is **DENIED**;

IT IS ORDERED that Defendant's Motion to Dismiss Insufficient Indictment or for a Bill of Particulars, filed Feb. 5, 2002 (*Doc. 25*) is **DENIED**;

IT IS ORDERED that Defendant's Motion for Discovery on his Claim of Selective Prosecution, filed Feb. 5, 2002 (*Doc. 19*) is **DENIED**;

IT IS ORDERED that Defendant's Motion for Disclosure of Prior Acts Evidence, filed Feb. 5, 2002 (*Doc. 29*) is **DENIED**;

IT IS ORDERED that Defendant's Motion for Discovery of the Basis for the Government's

Expert's Opinion and Supporting Authority, filed Feb. 5, 2002 (*Doc. 31*) is **DENIED**;

IT IS ORDERED that Defendant's Notice of Request for Production of Statements and/or Jencks Act Material, filed Feb. 5, 2002 (*Doc. 32*) is **DENIED**.

Dated August 26, 2002.

_____
SENIOR UNITED STATES DISTRICT JUDGE

Attorney for Plaintiff:

    Mary Catherine McCulloch, AUSA
    Albuquerque, New Mexico

Attorney for Defendant:

    Peter Schoenburg, Esq.
    ROTHSTEIN, DONATELLI, HUGHES,
     DAHLSTROM, SCHOENBURG & FRYE, LLP
    Albuquerque, New Mexico